**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALAN SISCOE,

    Plaintiff,

v.                                                                          Case No:

NATIONAL ENTERPRISE
SYSTEMS, INC.

                                                 **DEMAND FOR JURY TRIAL**

    Defendant.

_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **ALAN SISCOE** ("Mr. Siscoe" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **NATIONAL ENTERPRISE SYSTEMS, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by misrepresenting the character or legal status of the alleged debt as enforceable when Defendant sent a collection letter to Mr. Siscoe that failed to disclose the debt was barred by the statute of limitations.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), 15 U.S.C. § 1692k (d), and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Mr. Siscoe, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Mr. Siscoe is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of OH, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

## *Statements of Fact*

8. In 2007, Mr. Siscoe opened a student loan account with Education Finance Partners ("Account").

9. In or around 2008. Mr. Siscoe completed his coursework, at which point his student loan payments on the Account were due.

10. Sometime thereafter, Mr. Siscoe encountered financial difficulties and was unable to make payments towards the Account, incurring an outstanding balance owed thereunder ("Debt").

11. Mr. Siscoe never made a payment towards the Account.

12. Under information and belief, the Account was then assigned, sold, or transferred to Defendant for debt collection purposes.

13. On or around August 7, 2019, Defendant sent a collection letter ("Collection Letter") directly to Mr. Siscoe in attempts to collect the Debt. *See* **Exhibit A.**

14. Defendant's Collection Letter was individually addressed to Mr. Siscoe, demanded a total amount due of $13,254.64, represented that "this is an attempt to collect a debt and any information will be used for that purpose," and offered payment options including payment by mail. *See* **Exhibit A.**

15. In Defendant's Collection Letter, Defendant failed to disclose that any payment towards the Debt would re-start the statute of limitations for Defendant to file suit against Mr. Siscoe with respect to the Debt.

16. On or around September 1, 2019, in response to Defendant's Collection Letter, Mr. Siscoe sent a letter disputing the Debt to Defendant. *See* **Exhibit B.**

17. Mr. Siscoe was confused about the enforceability of the Debt due to Defendant's failure to disclose that any payment towards the Debt would re-start the statute of limitations for Defendant to file suit against Mr. Siscoe.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

18. Mr. Siscoe re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. Mr. Siscoe is a "consumer" within the meaning of the FDCPA.

20. The subject debt is a "consumer debt" within the meaning of the FDCPA.

21. Defendant is a "debt collector" within the meaning of the FDCPA.

22. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692e (2) by misrepresenting the character or legal status of such alleged debt as enforceable when Defendant sent the Collection Letter to Mr. Siscoe that failed to disclose the debt was barred by the statute of limitation.

23. As a result of the above violations of the FDCPA, Mr. Siscoe has been subjected to illegal collection activities for which he has been damaged.

24. Defendant's actions have damaged Mr. Siscoe by causing him emotional distress.

25. Defendant's actions have damaged Mr. Siscoe by causing him confusion about the enforceability of the Debt due to Defendant's failure to disclose that any

payment towards the Debt would re-start the statute of limitations for Defendant to file suit against Mr. Siscoe.

26. Defendant's actions have damaged Mr. Siscoe by causing him stress.

27. Defendant's actions have damaged Mr. Siscoe by causing him anxiety.

28. It has been necessary for Mr. Siscoe to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

29. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

   b. Awarding actual damages;

   c. Awarding costs and attorneys' fees; and

   d. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

30. Mr. Siscoe re-alleges paragraphs 1-17 and incorporates the same herein by reference.

31. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the character or legal status of such alleged debt as enforceable when Defendant sent the Collection

Letter to Mr. Siscoe that failed to disclose the debt was barred by the statute of limitations.

32. As a result of the above violations of the FCCPA, Mr. Siscoe has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

33. Defendant's actions have damaged Mr. Siscoe by causing him emotional distress.

34. Defendant's actions have damaged Mr. Siscoe by causing him confusion about the enforceability of the Debt due to Defendant's failure to disclose that any payment towards the Debt would re-start the statute of limitations for Defendant to file suit against Mr. Siscoe.

35. Defendant's actions have damaged Mr. Siscoe by causing him stress.

36. Defendant's actions have damaged Mr. Siscoe by causing him anxiety.

37. It has been necessary for Siscoeto retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

38. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff, Alan Siscoe, demands a trial by jury on all issues so triable.

Respectfully submitted this **September 26, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff